# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3298

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Rodney Wayne Vagenas, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: January 16, 2003

Filed: February 7, 2003

_____

Before LOKEN and MORRIS SHEPPARD ARNOLD, Circuit Judges, and WEBBER,[*] District Judge.

_____

LOKEN, Circuit Judge.

Rodney Wayne Vagenas pleaded guilty to mail theft in violation of 18 U.S.C. § 1708. The district court[1] sentenced him to thirty months in prison and three years of supervised release. Vagenas appeals, arguing that the court abused its discretion

_____

[*]The HONORABLE E. RICHARD WEBBER, United States District Judge for the Eastern District of Missouri, sitting by designation.

[1]The HONORABLE ORTRIE D. SMITH, United States District Judge for the Western District of Missouri.

when it departed upward from his guidelines sentencing range of twelve to eighteen months on the ground that "the likelihood of recidivism for Mr. Vagenas is high [and] the sentencing guidelines for this particular offense do not adequately address the likelihood of recidivism." We affirm.

Part 4A of the Sentencing Guidelines requires the sentencing court to determine the defendant's criminal history category based upon his relevant prior offenses. The criminal history category is then combined with the defendant's total offense level to determine his guidelines sentencing range. The court is expressly authorized to depart from this range if "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3, p.s.

Vagenas's undisputed criminal history was summarized in his Presentence Investigation Report. He was arrested for possession of methamphetamine in June 1994 and for stealing in October 1994. A Missouri state court imposed concurrent six-year sentences for these offenses in February 1995. He was paroled in June 1995. In August 1995, Vagenas was charged with four counts of forgery for cashing checks he stole from the victims' mailboxes. In April 1996, he was convicted of these offenses. The state court revoked parole and imposed six-year sentences concurrent with his probation revocation sentence.

Released from custody in June 1998, Vagenas was arrested for stealing mail from three victims in December 1998, resulting in a federal conviction and fifteen-month sentence consecutive to his undischarged state sentence. He was incarcerated from June 1999 until September 2001, when he was released to federal supervised release. In February 2002, Vagenas committed the offense of conviction. He was arrested at the scene of a one-car accident after troopers found in his vehicle twenty-two items of mail belonging to sixteen victims. The court made his thirty-month

sentence for mail theft consecutive to a twenty-four month sentence imposed upon revoking his prior supervised release.

On appeal, Vagenas argues that an upward departure is not warranted because his criminal history category adequately represents his prior criminal conduct -- the four prior misdemeanor convictions that were excluded in determining his criminal history category were neither similar to the offense of conviction nor serious dissimilar conduct; his three prior felony convictions were not enough to take this case outside the Guidelines heartland; his history of criminal theft stems from a long-standing substance abuse problem that he now intends to remedy; he has committed no crimes of violence; and his criminal history is much less serious than the histories reported in cases affirming § 4A1.3 upward departures, such as United States v. Saffeels, 39 F.3d 833 (8th Cir. 1994).

The criminal history provisions of the Guidelines reflect the intent "that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment with each recurrence." U.S.S.G. Part 4A, intro. comment. To carry out that intent, "[w]e have previously recognized that the district court may make an upward departure [under § 4A1.3] where there is evidence of obvious incorrigibility and a history of prior convictions for the same type of offense." United States v. Cook, 972 F.2d 218, 222 (8th Cir. 1992). In this case, Vagenas's prior convictions totaled fifteen criminal history points, placing him in Category VI, the highest criminal history category. He has repeatedly committed mail theft within months of his release from prison, and his latest offense involved mail theft from at least sixteen victims. Though his repeated offenses over a relatively short period of time placed him in the highest criminal history category, his guidelines sentencing range without the upward departure would have resulted in no greater punishment than he received for his prior mail theft offenses. In these circumstances, the district court did not abuse its discretion by departing upward to a sentence of thirty months on the ground

that the guidelines sentencing range did not "adequately address the likelihood of recidivism."

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.