# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No.  02-3831

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Armando Aguilar-Lopez, also known as | * | Appeal from the United States |
| Carlos Fuentes-Ascencio, also known | * | District Court for the Northern |
| as Armando Lopez-Aguilar, also known | * | District of Iowa. |
| as Carlos Ascencio-Fuentes, also | * | |
| known as Armondo Hernandez-Lopez, | * | |
| also known as Angel, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: May 13, 2003
Filed:  June 5, 2003

_____

Before LOKEN, Chief Judge, BRIGHT and MURPHY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Armando Aguilar-Lopez pled guilty to illegal reentry following deportation in violation of 8 U.S.C. §§ 1326(a) and (b), and he was sentenced to 46 months

imprisonment.  The district court[1] found that criminal history category VI did not adequately reflect the seriousness of his past criminal conduct and departed upward from the guideline range by one offense level.  See United States Sentencing Commission, Guidelines Manual, § 4A1.3 (p.s.) (2002) [U.S.S.G.].  Aguilar-Lopez appeals the upward departure.  We affirm.

Aguilar-Lopez was stopped by Iowa state police on May 8, 2002, for driving 93 miles an hour in a 65 miles an hour zone, and was found to be in possession of methamphetamine.  He told the officers that his name was Carlos Fuentes Ascencio, but his true identity was obtained through fingerprint records.  After it was discovered that Aguilar-Lopez was an illegal alien who had already been deported to Mexico twice, he was charged with illegal reentry following deportation.

Aguilar-Lopez pled guilty, and the presentence report calculated his adjusted offense level at 13 and his criminal history category at VI, with a guidelines sentencing range of 33 to 41 months.  The report suggested that an upward departure might be appropriate because category VI significantly "under-represents the seriousness of [his] criminal history."  The district court agreed, and gave notice at the sentencing hearing that it was "considering an upward departure … for underrepresentation of criminal history."  After hearing argument, the court stated that it would "do an upward departure based on the defendant's criminal history."  The court indicated it would move up one level on the sentencing table, which raised the sentencing range to 37 to 46 months.  It then sentenced Aguilar-Lopez to 46 months.

The Sentencing Commission has foreseen that upward departures from the guidelines range may sometimes be needed to ensure just punishment in a particular case.  Section 4A1.3 of the sentencing guidelines states:

---

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

> If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct … the court may consider imposing a sentence departing from the otherwise applicable guideline range. Such information may include, but is not limited to, information concerning … (a) prior sentence(s) not used in computing the criminal history category … [and] (e) prior similar adult conduct not resulting in a criminal conviction.

U.S.S.G. § 4A1.3.

The presentence report determined that Aguilar-Lopez had 16 criminal history points, three points more than the category VI threshold. He received five points for two separate vehicle burglaries, two points for receiving stolen property, two points for giving a false identity to a police officer, three points for possession of methamphetamine, one point for an expired vehicle registration—an offense prosecuted under an alias, one point for possession of methamphetamine and operating a vehicle while intoxicated (stemming from the traffic stop on May 8, 2002), and an additional two points for committing the instant offense while on probation, for a total of 16 points.

Aguilar-Lopez's criminal conduct has not been limited to the offenses included in his criminal history calculation, however. He has three additional theft and burglary convictions which were not included because they were committed before he was eighteen. See U.S.S.G. § 4A1.2(d)(2)(B). He also currently faces an outstanding reckless driving charge from 2001 on which he failed to appear, and he has illegally reentered the country once before this offense. He was deported in April of 1996 but returned to this country in less than a month, was deported again in

January 1998 and given an I-294 form stating that he was not eligible ever to reenter the United States, only to return again within a month.

Aguilar-Lopez contends that his record does not warrant a departure because a repeated history of criminal violations is inherent in a category VI classification. He cites that part of § 4A1.3 which states that "the nature of the prior offenses rather than simply their number" should be considered before any departure and argues that his record is comprised of minor, nonviolent offenses. See also United States v. Leaf, 306 F.3d 529, 532–33 (8th Cir. 2002) (departing upward from category II to category VI based on history of uncharged violent conduct). Aguilar-Lopez also makes a brief argument that the district court did not adequately explain its decision to depart.

Congress recently modified the standard of review for reviewing departures from the sentencing guidelines. See PROTECT Act, Pub. L. No. 108-21, § 401(d), 117 Stat. 650 (2003) (amending 18 U.S.C. § 3742(e)). The PROTECT Act became law on April 30, 2003, and it requires a sentencing judge to make a written statement of reasons for departure, whether upward or downward. Id. § 401(c) (amending 18 U.S.C. § 3553(c)). That requirement is to be examined de novo on review, as is the issue of whether a departure "is not justified by the facts of the case." 18 U.S.C. § 3742(e).

Section 4A1.3 calls for a careful evaluation of a defendant's criminal history before any departure to determine "the seriousness of a criminal record." In United States v. Vagenas we affirmed a district court's decision to depart from criminal history category VI. 318 F.3d 819, 820–21 (8th Cir. 2003). Where a defendant's

4

repeated criminal behavior reflects "obvious incorrigibility," an upward departure is appropriate. Id. (defendant's record included possession of methamphetamine, mail theft, and forgery) (quoting United States v. Cook, 972 F.2d 218, 222 (8th Cir. 1992)); see also United States v. Lara-Banda, 972 F.2d 958, 959–60 (8th Cir. 1992) (departing beyond category VI based on extensive criminal record including reckless driving, intoxication, carrying a concealed weapon, criminal mischief, driving while intoxicated, assault, and illegal reentry). That none of Aguilar-Lopez's prior convictions, sentences, or deportations have altered his behavior demonstrates that he is an "unrepentant, incorrigible, recidivist, who poses a significant threat to the safety of the community." Lara-Banda, 972 F.2d at 960. Under these circumstances the district court did not err by granting an upward departure for underrepresentation of criminal history.

The PROTECT Act also now requires the sentencing court to state in the written order of judgment the "specific reason" for departing from the guidelines. Pub. L. No. 108-21, § 401(c)(1), 117 Stat. 650 (2003) (amending 18 U.S.C. § 3553(c)). Although the defendant in this case was sentenced well before the PROTECT Act was enacted, the district court attached a written "Statement of Reasons" to the judgment, stating that an upward departure was ordered "based on under-representation of criminal history." Although the court did not cite the specific instances of past criminal conduct on which it relied, it stated that it based its decision on Aguilar-Lopez's "repeated history of criminal violations," a history that was extensively detailed in the presentence report. Sentencing courts will now need to take care to make specific written findings of their reasons for departing, whether upward or downward. The district court had no obligation to provide written reasons

5

at the time it sentenced Aguilar-Lopez, but the written statement it furnished is sufficient in this case to allow review of the decision to depart.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

6