The sentence imposed by the district court is therefore AFFIRMED.

**UNITED STATES of America,**
**Appellee,**

v.

**Iosif KHAIMOV, also known as Michael Ashok, also known as John Doe # 2, Defendant-Appellant,**

**Neriya Borukhov, also known as Anthony Ruco, also known as John Doe # 1, also known as John Doe, Defendant.**

No. 02–1621.

United States Court of Appeals, Second Circuit.

Sept. 11, 2003.

Brian J. Neary, Hackensack, NJ (Michael S. Kimm, Hackensack, NJ, on the brief), for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney, Syracuse, N.Y. (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Andrew T. Baxter, Assistant United States Attorney, Northern District of New York, Syracuse, NY, on the brief), for Appellee.

PRESENT: MESKILL, MINER, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Iosif Khaimov appeals from the judgment of the United States District Court for the Northern District of New York, Mordue, *J.*, sentencing him to a term of imprisonment of 37 months. The judge arrived at this sentence after applying an upward adjustment to the otherwise applicable sentencing guideline pursuant to U.S.S.G. § 4A1.3. We hold that the upward departure was warranted and therefore affirm.

In order to determine the scope of our review, we requested additional briefing from the parties on the issue of whether Section 401 of the recently enacted PROTECT Act, which amended 18 U.S.C. § 3742(e) to require the Court of Appeals to review certain departures from the guidelines under a *de novo* standard, applies to cases decided by the district courts before its enactment, or whether the abuse of discretion standard applies. Both parties urged the Court to apply the *de novo*

review standard as the other circuit courts to have decided the question have done. *See United States v. Thurston*, 338 F.3d 50, 69–72 (1st Cir.2003); *United States v. Jones*, 332 F.3d 1294 (10th Cir.2003); *United States v. Aguilar–Lopez*, 329 F.3d 960, 962–63 (8th Cir.2003). We decline to decide this issue of first impression in our Circuit, because the outcome of this case would be the same regardless of which standard we apply. *United States v. Simmons*, 2003 WL 22048229, 2003 U.S.App. LEXIS 18189 at *12 (2d Cir. Sept. 3, 2003).

The judge expressly stated that he based his decision to depart on the uncontested facts, found in the presentence report, that appellant engaged in three instances of "extremely similar" past conduct for which he received probation; that he committed the instant offense while on probation for one of those felonies and while released on bail for similar charges; that he continued to place his own self interest above those of society; and that he had not learned from his prior convictions. The judge concluded that the seriousness of these facts was not adequately reflected by his criminal history category and that they indicated a high likelihood of recidivism.

Appellant's main claim is that the judge impermissibly "double counted" his past criminal convictions because they were used first in computing his criminal history category and then again as a basis for departing upward. We disagree. Section 4A1.3 of the guidelines permits the judge to depart upward from the otherwise applicable sentencing guideline range where "the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that [he] will commit other crimes." Nothing in this language suggests that only information *not* used in

computing criminal history category may serve as the basis for departure. Indeed, the commentary to section 4A1.3 notes that two people within the same criminal history category may deserve different treatment because of the particular facts surrounding their past crimes. Finally, other courts have permitted upward departure in these circumstances. *See, e.g., United States v. Singleton,* 917 F.2d 411, 412–13 (9th Cir.1990). The judge did exactly what the guidelines permitted him to do, and we agree with his decision.

■ Finally, appellant urges us to remand this case because the judge did not issue in writing his reasons for departing upward as required by the PROTECT Act's amendment to 18 U.S.C. § 3553(c)(2). Even assuming that this element of the PROTECT Act applies to cases that were decided before its enactment, we see no reason to remand this case to require the judge to perform a ministerial act where, as here, his reasons are clearly stated in the record and that record is before us. Indeed, under 18 U.S.C. § 3742(f)—which, as amended by the PROTECT Act, outlines the circumstances under which we must remand cases to the district courts for further sentencing proceedings—we are not required to remand for a written statement of reasons where, as here, we conclude that the departure granted was permissible. *See United States v. Orchard,* 332 F.3d 1133, 1141 n. 7 (8th Cir. 2003).

We have considered appellant's other claims and find them meritless.

Accordingly, the judgment of the district court is affirmed.