# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4127

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Harold Leroy Fisher, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 26, 2003
Filed: October 1, 2003

_____

Before RILEY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Harold Fisher was found guilty by a jury of escape from the custody of the Attorney General, in violation of 18 U.S.C. §§ 751(a) and 4082(a). The district court[1] sentenced him to 60 months imprisonment and 3 years supervised release.

Fisher first contends on appeal that the district court should have dismissed his indictment because the government failed to comply with the notice provisions of the

---

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Speedy Trial Act (STA) and the Interstate Agreement on Detainers (IAD). Under the STA, if the government attorney knows that a person charged with an offense is serving a term of imprisonment, he shall either obtain the prisoner's presence for trial, or "cause a detainer to be filed with the person having custody of the prisoner and request him to so advise the prisoner and to advise the prisoner of his right to demand trial," and the person who has custody of the prisoner must advise him of the charge and his right to demand trial. See 18 U.S.C. § 3161(j). Under the IAD, a person serving a term of imprisonment who has a detainer lodged against him shall be tried within 180 days after notifying the prosecutor that he requests a speedy trial. See 18 U.S.C. App. § 2, Art. III(c).

The district court properly refused to dismiss the indictment. First, the federal complaint was filed against Fisher while he was on pretrial detention on Arizona state charges, not while he was serving a term of imprisonment. Second, Fisher did not allege (much less show) prejudice resulting from his lack of notice of the federal charge. See United States v. Walker, 255 F.3d 540, 541, 543 (8th Cir. 2001), cert. denied, 535 U.S. 1011 (2002).

Fisher also contends that the district court erred in granting the government's motion for an upward departure from the Guidelines range. The district court stated both orally and in writing that it was departing upward from the Guidelines range established by Fisher's offense level and his Category VI criminal history based on the likelihood that he would commit other crimes when he is released. We find that this is a proper basis for departure, and that Fisher's propensity to commit the same types of offenses--as amply illustrated by the presentence report's recounting of his criminal history--supports the departure in this case. See U.S.S.G. § 4A1.3, p.s. (sentencing court may depart upward if criminal history category does not adequately reflect seriousness of defendant's past criminal conduct or likelihood that defendant will commit other crimes); United States v. Aguilar-Lopez, 329 F.3d 960, 963 (8th Cir. 2003) (district court did not err in departing upward from Category VI criminal

-2-

history when prior convictions, sentences, and deportations did not alter defendant's behavior).

Accordingly, we affirm.

_____