UNITED STATES of America,
Appellee,

v.

David MOODIE, Defendant–Appellant.

No. 02–1772.

United States Court of Appeals,
Second Circuit.

Oct. 15, 2003.

**154**

Karen Shingler, Burlington, VT, for Defendant–Appellant.

Paul J. Van De Graaf, Assistant United States Attorney (Peter W. Hall, United States Attorney, David V. Kirby, Assistant United States Attorney, on the brief), Burlington, VT, for Appellee.

Present: WALKER, Chief Judge, LEVAL, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED.**

Following a guilty plea in the United States District Court for the District of Vermont (Sessions, *C.J.*), defendant-appellant David Moodie was convicted of one count of bank robbery in violation of 18 U.S.C. § 2113(a), one count of interstate transportation of a stolen vehicle in violation of 18 U.S.C. § 2312, and one count of interstate transportation of stolen firearms in violation of 18 U.S.C. § 922(j). The district court sentenced Moodie to 96 months of imprisonment and 36 months of supervised release.

On appeal, Moodie maintains that the district court erred at sentencing by imposing an upward departure of two levels, thereby increasing his total offense level from a 24 to a 26, without a factual basis to support a finding that the case fell outside the heartland of cases contemplated by the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines" or "the guidelines"). The government argues that Chief Judge Sessions acted within his

discretion in departing upward. The government also urges us to affirm the sentence of the district court on the ground that the district court erred in the way it grouped Moodie's offenses for his sentence determination. The government argues that if the district court had grouped Moodie's offenses properly, it would not have needed to depart upwardly-which it did, at least in part, to account for the effective reduction the chosen grouping afforded-and would have arrived at an offense level of 26 with the same attendant sentence. We agree with the government that the district court acted within its discretion to depart upwardly. We also agree that the putatively more correct alternative grouping would have produced the same sentence. Therefore, we affirm the appellant's sentence.

## DISCUSSION

### I. *The Upward Departure*

■ We first address the departure issue. Prior to the recent passage of the Prosecutorial Remedies and Other Tools to end the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub. L. No. 108–21, 117 Stat. 650 (2003), we reviewed district courts' departures from the Sentencing Guidelines for an abuse of discretion, affording "substantial deference" to the district court. *See Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Section 401(d) of the PROTECT Act requires that we now review *de novo* whether a district court's departure was based on proper factors. *See* 18 U.S.C. § 3742(e). Because we would affirm the upward departure under either a *de novo* standard or an abuse of discretion standard, like several other circuits we decline to decide whether the PROTECT Act applies to appeals-like Moodie's-that were pending on April 30, 2003, the effective date of the Act. *See, e.g.,*

*United States v. Camejo,* 333 F.3d 669, 675 (6th Cir.2003); *United States v. Tarantola,* 332 F.3d 498, 500 (8th Cir.2003); *United States v. Semsak,* 336 F.3d 1123, 1125 (9th Cir.2003); *but see United States v. Jones,* 332 F.3d 1294, 1299 n.5 (10th Cir.2003); *United States v. Aguilar–Lopez,* 329 F.3d 960, 962–63 (8th Cir.2003); *United States v. Thurston,* 338 F.3d 50, 71 (1st Cir.2003).

The guidelines allow upward departures if "there exists an aggravating ... circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b); *see* U.S.S.G. § 5K2.0. In *United States v. Guzman,* 282 F.3d 177 (2d Cir.2002), we reiterated the three-part test we use to review a district court's upward departure:

> First, we determine [*de novo*] whether the reasons articulated by the district court for the departure are of a kind or a degree that may be appropriately relied upon to justify the departure. Second, we examine whether the findings of fact supporting the district court's reasoning are clearly erroneous. Finally, we review the departure for reasonableness, giving considerable deference to the district court.

*Id.* at 182. *See generally United States v. Tropiano,* 50 F.3d 157, 162 (2d Cir.1995). Appellant, arguing that the district court used inappropriate reasons for departure with no factual basis, implicates the first and second parts of the test.

This court has previously endorsed upward departures like the one at issue here based on invitations in the guidelines themselves. *See, e.g., United States v. Franklyn,* 157 F.3d 90, 98–99 (2d Cir. 1998). In this case, the district court relied on U.S.S.G. § 5K2.21, which authorizes an upward departure "above the guideline range to reflect the actual seriousness of the offense based on conduct

... that did not enter into the determination of the applicable guideline range."

We agree with the district court that the facts in this case plainly took it out of the "heartland" of cases contemplated by the guidelines. While only one of the 14 guns stolen by the appellant was used during the bank robbery for which he was convicted, the district court decided to group the gun and robbery counts together. This decision rendered much of appellant's conduct out of the range determination and it was, therefore, fully appropriate for the district court to depart from the guidelines to punish the defendant for the sale of the other guns to a drug gang, in exchange for drugs, in a state different from the site of the robbery, facts that were uncontested at the sentencing hearing. Indeed, that the guns were initially stolen from a residential home was also left out of the guideline determination. Since these were appropriate factors to consider in determining an appropriate sentencing range, a modest upward departure of two levels was wholly within the discretion of the district court. Moreover, there were sufficient other undisputed facts to support the district court's decision to depart. These include the appellant's stealing the getaway car; the burning of that car to hide evidence; and the sheer number of firearms stolen and re-sold, including the recklessness of selling guns to drug gangs in exchange for drugs in a different state. Because none of these factors were incorporated into the guideline offense level, the district court properly sought to account for this conduct, pursuant to U.S.S.G. § 5K2.21. *See United States v. Carter,* 203 F.3d 187, 192 (2d Cir.2000) (affirming upward departure in firearm case based on defendant's repeated sales and his selection of city for sales based on its "high crime rate and high demand for guns that he could exploit for greater profit"). In sum, the district judge had excellent reasons to depart upwardly because much of the appellant's conduct did not enter into the determination of the offense level, thereby taking appellant's crime out of the heartland of cases contemplated by the Sentencing Guidelines.

Contrary to appellant's protestations, there is no requirement that the conduct invoked as the basis for an upward departure be "heinous." Appellant's reliance on *United States v. Mapp,* 170 F.3d 328, 339 (2d Cir.1999), to support this claim is misplaced. *Mapp* not only does not require that conduct be heinous (it merely notes that the district court made such a finding in support of its upward departure), but it also could not have applied U.S.S.G. § 5K2.21, which was added to the guidelines in 2000. Accordingly, the Chief Judge had discretion to impose an upward departure to allow the appellant's sentence to comport with his conduct, and we will not disturb the sentence.

## II. *The Grouping Issue*

■ We next address the grouping issue raised by the government. Although the government did not cross-appeal, an "appellee may, without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matters overlooked or ignored by it." *Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc.,* 38 F.3d 1279, 1285 (2d Cir.1994); *see also Drax v. Reno,* 338 F.3d 98, 105–06 (2d Cir.2003). We conclude that even if the district court made a grouping error in its application of the guidelines, there is no need for a remand because the error would be harmless; had the district court followed the grouping recommendation of the government, the offense level would have been the same and we have every reason to believe the

district court would have imposed the same sentence. As we held in *Tropiano,* "we will vacate a sentence and remand for resentencing because of a misapplication of the [g]uidelines only if we determine that the error was not harmless." 50 F.3d at 162 (citing *Williams v. United States,* 503 U.S. 193, 201–05, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992)).

Issues relating to the application of grouping rules are reviewed *de novo. See* U.S.S.G. § 1B1.1 et seq.; *United States v. Napoli,* 179 F.3d 1, 6 (2d Cir.1999). Under the grouping rules, a sentencing court must allocate all of the conduct for which the defendant is liable into groups based on which counts reflect "substantially the same harm." U.S.S.G. § 3D1.2. The general objective is to avoid unfair double counting. *See United States v. Gelzer,* 50 F.3d 1133, 1144 (2d Cir.1995). Thus, "[w]hen one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts," the two must be grouped together to avoid enhancing the sentence twice for the same conduct. U.S.S.G. § 3D1.2(c).

As it did before the district court, the government urges that the principles of U.S.S.G. § 3D1.2 require that appellant's robbery and the firearms counts be grouped separately. The district court declined to count the robbery and firearms counts separately because, in its view, the sentence for the firearms count involved a cross-reference to the robbery under U.S.S.G. § 2K2.1, even though only one of the fourteen guns stolen and transported was used in the robbery. *See* U.S.S.G. § 2K2.1(c).

It might be argued that application note 5 to U.S.S.G. § 3D1.2 supports the government's conclusion that the firearms count should not have been grouped *in toto* with the robbery count:

Sometimes there may be several counts, each of which could be treated as an aggravating factor to another more serious count, but the guideline for the more serious count provides an adjustment for only one occurrence of that factor. In such cases, only the count representing the most serious of those factors is to be grouped with the other count. For example, if in a robbery of a credit union on a military base the defendant is also convicted of assaulting two employees, one of whom is injured seriously, the assault with serious bodily injury would be grouped with the robbery count, while the remaining assault conviction would be treated separately.

While this note seems directly on point, it is not wholly conclusive. If the government had indicted the appellant on two or more firearms counts, the application might be purely mechanical. But because there was only one indicted count for the district court to consider, it may very well have grouped the counts under § 3D1.2.

Even if we were to agree with the government that the district court had erred in its grouping decision, however, such an error would be harmless because its correction, the government concedes, would produce the very same offense level ultimately calculated by the grouping choice the district court actually made when imposing the two-level upward departure. The way the district court read the grouping rules resulted in an offense level of 24; we found that it properly departed upwardly two levels to a final offense level of 26. In the transcript of the sentencing hearing, the Chief Judge was especially mindful of the effective anomalous reduction the appellant was receiving owing to its application of the grouping rules. If the district court had followed the government's grouping argument, it would have brought the appellant's offense to the same

level 26. Moreover, the sentencing transcript reveals that if the district court had grouped as the government had wanted, the government would not have sought an upward departure: the transcript is clear that the government wanted separate grouping *or* the upward departure, and not both. Accordingly, since the potential grouping error would be harmless, we need not remand or rule on the propriety of the grouping decision.

We have considered all the arguments raised by the appellant and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**