# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2167

_____

United States of America,            *
                                     *
     Plaintiff - Appellee,            *
                                     *  Appeal from the United States
v.                                    *  District Court for the
                                     *  District of South Dakota.
Fred Marrow Bone,                     *
                                     *
     Defendant - Appellant.           *

_____

Submitted:  December 16, 2003
Filed:  August 9, 2004

_____

Before WOLLMAN, JOHN R. GIBSON, and RILEY, Circuit Judges.

_____

JOHN R. GIBSON, Circuit Judge.

After Fred Marrow Bone violated several conditions of his supervised release, the district court[1] revoked his release and sentenced him to a prison term of 24 months. Marrow Bone argues that the length of his sentence is unreasonable relative to the seriousness of his violations. We affirm.

_____

[1]The Honorable Richard H. Battey, District Judge for the District of South Dakota.

## I.

In 1998, Fred Marrow Bone pleaded guilty to assault with a dangerous weapon in violation of 18 U.S.C. §§ 113(a)(3), 1153. He was sentenced to 48 months of imprisonment followed by three years of supervised release. On November 29, 2001, Marrow Bone was released from custody and began his term of supervised release. To comply with the conditions of his supervised release, he was required to notify his probation officer within 72 hours if he were arrested, to answer truthfully all of his probation officer's inquiries and follow his or her instructions, and to refrain from consuming any alcoholic beverage or frequenting an establishment whose primary business was the sale of alcoholic beverages.

On May 6, 2002, Marrow Bone reported to his probation officer that he had been arrested by tribal police on April 5 for driving under the influence of alcohol and for public intoxication. An initial blood test on the scene indicated that Marrow Bone's blood alcohol level was .140; a subsequent test indicated that the level was .167. Marrow Bone's probation officer ordered him to report to a tribal treatment facility for a drug and alcohol evaluation, but Marrow Bone did not comply. A probation officer eventually took him to complete the evaluation, which concluded with directions to Marrow Bone to report to a tribal treatment facility. Marrow Bone failed to submit to the treatment program.

During a random records check on March 5, 2003, Marrow Bone's probation officer discovered that tribal police had arrested Marrow Bone on February 21, 2003, for public intoxication. On March 13, the officer instructed Marrow Bone to report to an outpatient treatment program. The officer testified that Marrow Bone initially said he would go, but that he later changed his mind and just wanted to go back to prison and "flat time" it.

On March 17, 2003, the probation officer filed a petition to revoke Marrow Bone's supervised release. The petition alleged that Marrow Bone violated the conditions of his release by failing to follow the instructions of his probation officer, failing to notify his probation officer within 72 hours of being arrested, and consuming alcohol. Marrow Bone admitted that he failed to follow the instructions of his probation officer and the district court found that Marrow Bone had consumed alcohol on two separate incidents. The allegation concerning Marrow Bone's failure to notify his probation officer within 72 hours of his arrest was dismissed. The district court revoked Marrow Bone's supervised release and sentenced Marrow Bone to 24 months imprisonment, the maximum term statutorily allowable. Marrow Bone now appeals his sentence. We affirm.

II.

Marrow Bone concedes that he violated his supervised release and is subject to imprisonment. He argues, however, that the district court erred in the length of sentence imposed. Specifically, he asserts that the district court erred in sentencing him to a prison term longer than that recommended by § 7B1.4 of the United States Sentencing Guidelines and that the sentence was excessive in comparison to his conduct. We review a district court's decision to sentence a defendant to a longer term than suggested by § 7B1.4 for abuse of discretion. See United States v. Martin, 371 F.3d 446, 449 (8th Cir. 2004) (rejecting argument that de novo standard of review applies to a revocation sentence exceeding the suggested range).

In sentencing a defendant for a crime, a district court may include a period of supervised release to follow a term of imprisonment. 18 U.S.C. § 3583(a). Once the defendant has been released from prison and is on supervised release, he or she must abide by the court's conditions. 18 U.S.C. § 3583(d). If the court finds by a preponderance of the evidence that the defendant violated a condition of his or her supervised release, the court may revoke supervised release and impose a term of

imprisonment of up to the entire time of supervised release. 18 U.S.C. § 3583(e)(3). However, if the original sentence was a Class C felony, § 3583(e)(3) dictates that the revocation sentence may not exceed 24 months. United States v. Hensley, 36 F.3d 39, 42 (8th Cir. 1994). Marrow Bone's original conviction for assault with a dangerous weapon was a Class C felony. See 18 U.S.C. § 113(a)(3) (offense is punishable by no more than 10 years); 18 U.S.C. § 3559(a)(3) (an offense punishable by less than 25 years but by 10 or more years is a Class C felony). Thus, the district court correctly determined that Marrow Bone's revocation sentence could not exceed 24 months. 18 U.S.C. § 3583(e)(3).

In determining the appropriate sentence after a defendant violates a condition of his or her supervised release, the district court must consider some of the factors listed in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, the need to promote deterrence, the need to protect the public, and the need to provide correctional treatment for the defendant. 18 U.S.C. § 3583(c); see also United States v. Touche, 323 F.3d 1105, 1107 (8th Cir. 2003). The sentencing court must also consider the range recommended by Chapter 7 of the United States Sentencing Guidelines. United States v. Tschebaum, 306 F.3d 540, 544 (8th Cir. 2002). As Marrow Bone concedes, the suggested range in Chapter 7 is merely advisory and does not bind the district court, which has the discretion to impose any sentence allowable under 18 U.S.C. § 3583(e)(3). Hensley, 36 F.3d at 42.

The district court sentenced Marrow Bone to a revocation term of 24 months, the maximum allowable under 18 U.S.C. § 3583(e)(3). After careful review of the record, we conclude that the district court did not abuse its discretion. The district court's statements during the revocation hearing demonstrate that it considered the factors in § 3553(a). The district court noted that with Marrow Bone's criminal history level of IV and Grade C violations, the sentence recommended by § 7B1.4 of the Guidelines was 6 to 12 months. See U.S.S.G. § 7B1.4. In deciding to impose a

longer sentence, the district judge properly considered Marrow Bone's extensive and sometimes violent criminal history. See 18 U.S.C. § 3553(a)(1) (court should consider the "history and characteristics of the defendant"); accord United States v. Brown, 203 F.3d 557, 558 (8th Cir. 2000) (considering seriousness of defendant's criminal history and frequency of supervised release violations).

The district court also stressed the heightened need for deterrence in this case. See 18 U.S.C. § 3553(a)(2)(B). In sentencing Marrow Bone to the maximum revocation term, the court stated, "The defendant indicates to the Court that he is not supervisable. He wishes simply to do his time and walk away from the responsibilities set by this Court . . . ." Although Marrow Bone argues there is no support in the record for this conclusion, the court was presented with evidence of Marrow Bone's repeated consumption of alcohol on supervised release as well as his refusal to submit to treatment. In addition, Marrow Bone's probation officer testified that Marrow Bone had indicated his preference to go back to prison and "flat time it" rather than submit to treatment. Marrow Bone does not rebut this evidence except to claim that he had personal problems with the individuals working at the specific treatment facility and to assert that he was actually supervisable based on his counsel's representation at the revocation hearing that he was currently willing to receive treatment at another facility. However, a revocation court is not bound to credit the defendant's explanations and the existence of mitigating factors need not result in the sentence requested by the defendant. Hensley, 36 F.3d at 40-41.

Marrow Bone argues that his sentence is excessive in light of his conduct while on supervised release and that the district court imposed the sentence because of his past conduct, rather than his actual behavior while under supervision. We are satisfied that a reading of the district court's comments at sentencing simply do not support the latter argument. As to the former, the district court did not abuse its discretion in rejecting Marrow Bone's attempt to minimize the seriousness of his violations. To the contrary, the district court found that he had consumed alcohol on

two separate occasions and had refused to obey his probation officer's order to complete a treatment program. See United States v. Shaw, 180 F.3d 920, 923 (8th Cir. 1999) (district court did not abuse discretion in sentencing above recommended range based on nature of release violations and court's desire for treatment); United States v. Kaniss, 150 F.3d 967, 968 (8th Cir. 1998) (no abuse of discretion for district court to exceed revocation table's recommendation based in part on defendant's failure to take advantage of substance abuse programs outside of prison). Marrow Bone's violations were serious and numerous, and the district court's decision was a carefully considered exercise of its discretion. See Brown, 203 F.3d at 558.

Finally, Marrow Bone argues that he should be resentenced because the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21 § 401(c) (amending 18 U.S.C. § 3553(c)), 117 Stat. 650 (PROTECT Act), now requires that the sentencing court provide in the written order of judgment the "specific reason" for imposing a particular sentence if the sentence is outside the suggested range. Marrow Bone failed to raise this argument until his reply brief, thereby waiving the argument. See United States v. Deering, 179 F.3d 592, 597 (8th Cir. 1999).

Even if the argument had not been waived, we would affirm Marrow Bone's sentence. First, the original offense, violations of supervised release, revocation hearing and resentencing occurred before the enactment of the PROTECT Act, calling into question the Act's applicability to this case. See United States v. Tapia-Escalera, 356 F.3d 181, 188 (1st Cir. 2004) (the PROTECT Act "does not apply in this case, [the defendant] having committed the original offense (as well as the new violations) before the latest amendment") (construing 18 U.S.C. § 3583(e)(3)); accord United States v. Castorani, 88 Fed. Appx. 552, 553-54 (4th Cir. 2004) (holding that because defendant's offense predated the PROTECT Act, the prior version of 18 U.S.C. § 3583(h) applied); cf. Johnson v. United States, 529 U.S. 694, 701 (2000) (holding that the penalties that may be imposed for revocation of supervised release relate back to

the original offense).  Second, even assuming that the PROTECT Act governs and that the writing requirement applies to revocations of supervised release, the district court's sentence was permissible.  See United States v. Orchard, 332 F.3d 1133, 1141 n.7 (8th Cir. 2003) (remand not required based on sentencing court's noncompliance with § 3553(c)(2) if sentence was not impermissible).

At the revocation hearing, the district court considered Marrow Bone's specific history and characteristics, the repetitive and severe nature of the violations, the particular need for deterrence, and the range suggested by Chapter 7 of the Sentencing Guidelines.  The sentence was not beyond the statutory limit.  We are convinced that the district court considered the relevant factors and did not abuse its discretion.  We therefore affirm Marrow Bone's sentence for revocation of supervised release.

_____