# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4043

_____

United States of America,         *

            *

      Plaintiff – Appellee,    *

            *

  v.            *

            *

Cornell White Face,        *

            *

      Defendant – Appellant.  *

_____

No. 03-4059

_____

Appeals from the United States
District Court for the
District of South Dakota.

United States of America,         *

            *

      Plaintiff – Appellee,    *

            *

  v.            *

            *

George Charles Hawk Wing,    *

            *

      Defendant – Appellant.  *

_____

No. 04-1030

_____

United States of America,         *

            *

      Plaintiff – Appellee,    *

                                          *
         v.                               *
                                          *
Gene Alan Rossman,                        *
                                          *
         Defendant – Appellant.           *
         _____

         No. 04-1239
         _____

United States of America,                 *
                                          *
         Plaintiff – Appellee,            *
                                          *
         v.                               *
                                          *
Warren Red Cloud,                         *
                                          *
         Defendant – Appellant.           *
         _____

         No. 04-1527
         _____

United States of America,                 *
                                          *
         Plaintiff – Appellee,            *
                                          *
         v.                               *
                                          *
Joseph Evans,                             *
                                          *
         Defendant – Appellant.           *

Submitted: May 12, 2004
Filed: September 7, 2004
_____

Before WOLLMAN, HEANEY, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.

Appellants violated the conditions of their supervised release and each was sentenced after revocation to a longer period than recommended in Chapter 7 of the United States Sentencing Guidelines Manual.  They appeal and seek resentencing, contending that the district courts departed from the guidelines without notice and written statement of reasons.  We affirm.

In 1990 the Sentencing Commission adopted policy statements in Chapter 7 which suggest penalties for violations of supervised release.  See United States Sentencing Guidelines [U.S.S.G.] ch. 7, pt. B, introductory cmt.  The Sentencing Commission explained that it chose to issue advisory policy statements for the revocation of supervised release because they provide the district court with "greater flexibility" than a guideline.  U.S.S.G. ch. 7, pt. A, § 3(a);  United States v. Levi, 2 F.3d 842, 845 (8th Cir. 1993).  Although it indicated it would in the future issue guidelines for the revocation of supervised release, see U.S.S.G. ch.7, pt. A, § 3(a), it has not yet done so.

Appellants contend that the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act (PROTECT Act), Pub. L. No. 108-21, 117 Stat. 650 (Apr. 30, 2003) (codified in scattered sections of 18, 28, and 42 U.S.C.), added new requirements for revocation sentencing and that the district courts departed from the sentencing guidelines by not sentencing within the Chapter 7 range and did so

without notice and written reasons. They also argue that the district court failed to consider the statutory sentencing factors in 18 U.S.C. § 3553(a). They request remand with instructions to sentence within the Chapter 7 range or to give notice of intent to depart from that range and provide written reasons. The government counters that the Chapter 7 policy statements are not binding, that the district court was not required to give written reasons for a revocation sentence, and that the district court adequately considered the § 3553(a) factors.

In each case before the district court the defendant admitted that he had violated conditions of supervised release. Supervised release was revoked for each after the PROTECT Act went into effect, and each was sentenced to a longer period than the range suggested in Chapter 7. In all cases the revocation sentence was within the statutory maximum, however.[1] Each appellant timely filed a notice of appeal.

Cornell White Face was convicted of the class C felony of sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153 & 2243, and sentenced to serve 15 months with 2 years of supervised release. While on supervised release, White Face failed to participate in a residential agreement and in sex offender treatment and to follow his probation officer's instructions. The district court[2] admonished White Face for not returning to his supervision facility and for his "cavalierish attitude" toward the conditions of his release, revoked his supervised release, and sentenced him to 12

[1]The term of imprisonment that may be imposed upon revocation of supervised release is limited by statute to not more than five years for persons convicted of class A felonies, except for certain Title 21 drug offenses; not more than three years for class B felonies; not more than two years for class C or D felonies; and not more than one year for class E felonies. 18 U.S.C. §§ 3583(b) & (e)(3).

[2]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, presided in this case and in those of George Charles Hawk Wing, Gene Alan Rossman, and Warren Red Cloud.

months incarceration and 12 months of supervised release. The suggested Chapter 7 range for White Face was 3 to 9 months, U.S.S.G. § 7B1.4(a), and he moved to correct his sentence on the ground that the district court had not complied with the requirements of the PROTECT Act and had departed from the guidelines without notice and written statement of reasons. The district court filed an amended judgment containing a written Revocation Statement of Reasons which identified the aggravating factor that White Face had "exerted very little effort to comply with the conditions of supervised release" and reimposed the original revocation sentence.

George Charles Hawk Wing was originally sentenced to 121 months with a 2 year term of supervised release for sexual abuse, a class C felony, in violation of 18 U.S.C. §§ 1153 & 2242. (The sentence was later reduced to 72 months after the government filed a Rule 35(b) motion.) Hawk Wing admitted that while on supervised release he had used alcohol, committed an assault, and operated a vehicle while under the influence. Upon revocation, he was sentenced to 24 months incarceration without supervised release; his Chapter 7 range was 3 to 9 months. At sentencing the district court noted that Hawk Wing had been unsuccessful in his previous treatment programs and that it would impose a sentence to "protect other people during [that] time."

Gene Alan Rossman was originally sentenced to 24 months imprisonment and five years of supervised release for the class A felony of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). While on supervised release Rossman consumed alcohol, failed to submit a required urine sample, and possessed and used methamphetamine. Rossman was sentenced to 24 months incarceration and 24 months supervised release; his suggested Chapter 7 range was 3 to 9 months. The district court at the revocation sentencing stated

[Y]ou continue to sabotage the court's efforts to provide successful supervision. . . . [C]onfinement would provide a period of time where

you would be forcibly drug-free. And that confinement should be long enough so that you get yourself dried out from this addiction and perhaps come to know that you do have the ability, with assistance, to return to the community as a good and productive member of society.

Rossman moved to correct his sentence. The district court filed an amended judgment containing a written Revocation Statement of Reasons which stated that Rossman had consistently sabotaged efforts to provide successful supervision and that confinement could help him fight his drug addiction. The district court reimposed the original revocation sentence.

Warren Red Cloud received a 144 month prison sentence and 4 years of supervised release for the class A felony of second degree murder, in violation of 18 U.S.C. §§ 1111(a) & 1153. While on supervised release, Red Cloud had consumed alcohol, used marijuana, failed to complete a substance abuse program, failed to participate in a community corrections program, and committed an assault. The district court determined that based on Red Cloud's conduct and for the protection of society, a 48 month revocation sentence was appropriate even though he had a 5 to 11 month range under Chapter 7. The district court stated, "You're going to have to make it on your own. You are wasting the time of good people who are trying to help those folks who want to be helped."

Joseph Evans was sentenced to 24 months and 4 years of supervised release for the class C felony of distribution of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) & 860(a). Evans admitted that while on supervised release he had possessed and used a controlled substance. He was sentenced to 18 months without supervised release; his suggested Chapter 7 range was 8 to 14 months. The district court[3] made reference to Evans' extensive criminal history, his continued use of controlled substances

---

[3]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota, presiding.

despite numerous attempts at treatment, and his continued criminal conduct while on supervised release. The court told Evans, "If you want to use drugs and if you want to commit assault, that's your choice, but you are going to sit in jail for it. . . . So far you haven't shown any inclination at all that you want to quit using drugs." Evans filed a motion to correct his sentencing alleging violations of the PROTECT Act, and the district court denied it.

We review questions of statutory interpretation de novo. See United States v. Sumlin, 317 F.3d 780, 781-82 (8th Cir. 2003). When there is no applicable sentencing guideline, as in the case of a revocation sentence, we review to determine whether the sentence was plainly unreasonable. See 18 U.S.C. § 3742(e)(4). A district court's decision to sentence a defendant to a longer term than suggested by Chapter 7 is reviewed for an abuse of discretion. See United States v. Martin, 371 F.3d 446, 449 (8th Cir. 2004) (rejecting argument that under PROTECT Act de novo standard of review applies to a revocation sentence exceeding the suggested range in U.S.S.G. § 7B1.4(a)).

Congress has set standards for revocation of supervised release. A district court may return a defendant to prison upon finding by a preponderance of the evidence that any condition of supervised release was violated. 18 U.S.C. § 3583(e). The district court should consider the factors listed in 18 U.S.C. § 3553(a) in determining the length of the term and the conditions of supervised release. 18 U.S.C. §§ 3583(c) & (e). These factors include: the nature and circumstances of the offense; the need for the sentence to provide just punishment for the offense, deter criminal conduct, protect the public, and provide the defendant with educational or vocational training, medical care, or other treatment; the applicable category of offense and category of defendant in the guidelines or policy statements issued by the Sentencing Commission; any pertinent policy statement issued by the Sentencing Commission; avoidance of unwarranted disparities among similar defendants; and victim restitution. See 18 U.S.C. §§ 3553(a)(1)-(7).

We have required that courts consider the policy statements in Chapter 7 when sentencing a violator of supervised release and have concluded that the suggested ranges in U.S.S.G. § 7B1.4(a) are only advisory.  See United States v. Hensley, 36 F.3d 39, 42 (8th Cir. 1994).  There are "no binding guidelines addressing the sentence for a violation of a condition of supervised release, only a policy statement about a court's options in such a situation."  United States v. Oliver, 931 F.2d 463, 465 (8th Cir. 1991).  No circuit court has considered the Chapter 7 policy statements binding on district courts,[4] and we have distinguished these policy statements from the federal sentencing guidelines which are  "'regulation[s] with the force of law.'"  See Levi, 2 F.3d at 845.  Thus, a revocation sentence exceeding the suggested range in the policy statements of Chapter 7 has not been considered to be an upward departure from the guidelines.  United States v. Shaw, 180 F.3d 920, 922 (8th Cir. 1999) (per curiam).

Our court has maintained this approach to the suggested ranges in Chapter 7 after the PROTECT Act became law.  We held in Martin, 371 F.3d at 449, that Chapter 7 policy statements remain nonbinding on the district court, that a revocation sentence outside the recommended Chapter 7 range is not a departure because there is no binding guideline from which to depart, and that revocation sentences are reviewed for an abuse of discretion.  Accord United States v. Marrow Bone, 2004 WL 1770804, at *2-3 (8th Cir. Aug. 9, 2004).  Since the Chapter 7 policy statements are not binding and revocation sentences outside their ranges are not departures, appellants were not entitled to prior notice that the district court was contemplating

_____

[4]See, e.g., United States v. Davis, 53 F.3d 638, 642 (4th Cir. 1995); United States v. Hill, 48 F.3d 228, 231-32 (7th Cir. 1995); United States v. Sparks, 19 F.3d 1099, 1101-02 & n.3 (6th Cir. 1994); United States v. Forrester, 19 F.3d 482, 484 (9th Cir. 1994); United States v. Anderson, 15 F.3d 278, 283-84 (2d Cir. 1994); United States v. O'Neil, 11 F.3d 292, 301 n.11 (1st Cir. 1993); United States v. Hooker, 993 F.2d 898, 900-01 (D.C. Cir. 1993); United States v. Thompson, 976 F.2d 1380, 1381 (11th Cir. 1992) (per curiam); United States v. Headrick, 963 F.2d 777, 782 (5th Cir. 1992); United States v. Lee, 957 F.2d 770, 773 (10th Cir. 1992); United States v. Blackston, 940 F.2d 877, 893 (3d Cir. 1991).

a sentence outside the Chapter 7 range.  See Fed. R. Crim. Pro. 32(h); Burns v. United States, 501 U.S. 129, 138 (1991); Shaw, 180 F.3d at 922-23 (notice requirement does not apply where there was no "departure" in the guidelines' sense of that term).

We have recognized that the PROTECT Act requires sentencing courts to provide written reasons for departures from guideline ranges.  See, e.g., United States v. Archambault, 344 F.3d 732, 735 n.3 (8th Cir. 2003); United States v. Flores, 336 F.3d 760, 763 n.5 (8th Cir. 2003); United States v. Aguilar-Lopez, 329 F.3d 960, 963 (8th Cir. 2003).  The amended statute provides that if a sentence is "not of the kind, or is outside the range, described in [§ 3553] subsection (a)(4)," the district court must provide "the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment."  18 U.S.C. § 3553(c)(2).

Section 3553(a)(4)(B) states that "[t]he court, in determining the particular sentence to be imposed, shall consider the kinds of sentence and the sentencing range established for, in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission."  Unlike § 3553(a)(4)(A), where the district court is bound by the guidelines in determining the sentence to be imposed in a criminal case, § 3553(a)(4)(B) deals with nonbinding policy statements that should be considered, but they are not made mandatory.  The PROTECT Act does not specify that Chapter 7 policy statements are binding, refer to the many appellate cases holding to the contrary, or specifically impose new requirements for revocation sentencing.

Although the PROTECT Act amendments provide that a sentence should be set aside and remanded if it is outside the "applicable guideline range and the district court failed to provide the required statement of reasons in the order of judgment and commitment," 18 U.S.C. § 3742(f)(2), it made no similar provision to remand if a district court failed to provide a written statement of reasons for sentencing outside

-9-

the applicable policy statement range, such as in the case of revocation sentences. Id. A court may reverse and remand, however, if the sentence imposed is plainly unreasonable. See 18 U.S.C. §§ 3742(e)(4) & (f)(2). Section 3742 thus makes clear that failure to provide written reasons under § 3553(c)(2) was not made reversible error. Moreover, the legislative history clarifies that courts are required to give specific written reasons only for any "departure from the guidelines." H.R. Rep. No. 108-66 (2003). There is no mention that a written statement is required for a sentence outside the range provided in a policy statement. Had Congress wanted to impose such a requirement, it could have expressly so stated.

A similar argument to those made by the appellants was raised in Marrow Bone. The defendant there received his revocation sentence before the PROTECT Act was enacted, however, and he had waived his argument by failing to raise it in his opening brief. The court did not squarely decide whether the PROTECT Act had imposed a writing requirement for revocation sentences but held that in any event the district court's sentence was not an abuse of discretion. Marrow Bone, 2004 WL 1770804, at *4 (citing United States v. Orchard, 332 F.3d 1133, 1141 n.7 (8th Cir. 2003) (remand not required when sentencing court failed to comply with § 3553(c)(2) if sentence was permissible)). We will also not remand these cases for lack of written reasons for sentencing outside the Chapter 7 range since the sentences were not plainly unreasonable or an abuse of discretion.

Although not required by law, we nevertheless encourage district courts to provide written statements of reasons in the orders of judgment and commitment for revocations. Such statements would be helpful to the parties, to reviewing courts, and to the Sentencing Commission, which has the statutory responsibility to collect sentencing data and maintain a comprehensive database on all federal sentences.[5]

---

[5]The Sentencing Commission has indicated that the usefulness of the sentencing data it gathers depends upon the specificity and extent of the information

Appellants also contend that the district court abused its discretion by not considering the statutory factors in 18 U.S.C. § 3553(a) in their revocation sentences, that generally a court should only sentence outside the recommended Chapter 7 range when unusual factual circumstances are present, and that their cases are not unusual. A district court need not mechanically list every § 3553(a) consideration when sentencing a defendant upon revocation of supervised release. See United States v. Jasper, 338 F.3d 865, 867 (8th Cir. 2003). All that is required is evidence that the court has considered the relevant matters and that some reason be stated for its decision. Id. If a sentencing judge references some of the considerations contained in § 3553(a), we are ordinarily satisfied that the district court "was aware of the entire contents of the relevant statute." United States v. Adams, 104 F.3d 1028, 1031 (8th Cir. 1997). Here, the district court showed awareness of each appellant's violation of specific conditions of supervised release, criminal history category, suggested Chapter 7 range, and the statutory maximum. In each case the district court found that the suggested range did not adequately reflect the seriousness of appellant's violations and for this reason sentenced above the recommended range.

Having examined the records in these five cases with care, we are satisfied that the district court adequately considered the policy statements of Chapter 7 along with the sentencing objectives of deterrence, just deserts, incapacitation, and rehabilitation, as required by § 3553(a). We conclude there was no abuse of discretion. See United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam). Accordingly, the judgments are affirmed.

_____

presented in the statement of reasons. See United States Sentencing Commission, Report to Congress: Downward Departures from the Federal Sentencing Guidelines (Oct. 2003), ch. 2, available at http://www.ussc.gov/departrpt03/departrpt03.pdf.