# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2010

_____

United States of America

*Plaintiff - Appellee*

v.

Willie Ray Stephenson, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 10, 2014
Filed: November 20, 2014
[Unpublished]

_____

Before BYE, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Willie Ray Stephenson appeals the sentence the district court[1] imposed after revoking his supervised release. Stephenson argues the sentence was substantively

---

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

unreasonable because the court failed to properly weigh the relevant sentencing factors as set forth in 18 U.S.C. § 3553(a) and exceeded the sentencing range recommended by section 7B1.4 of the United States Sentencing Guidelines. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

In 2007, Stephenson pled guilty to one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1), a Class C felony. See 18 U.S.C. § 924(a)(2) (violation of section 922(g) punishable by not more than ten years imprisonment); 18 U.S.C. § 3559(a)(3) (less than 25 years but 10 or more years is a Class C felony). He was sentenced to 92 months imprisonment and 3 years of supervised release. He began his term of supervised release on January 6, 2014. The district court revoked Stephenson's release on April 14, 2014, finding he had violated release conditions by assaulting his girlfriend, destroying her property, and drinking alcohol. The court found that the most serious violation was a Grade C violation, which, combined with Stephenson's category VI criminal history, has a Guidelines recommended range of 8 to 14 months imprisonment. United States Sentencing Commission, Guidelines Manual, §§ 7B1.1, 7B1.4, p.s. The court sentenced Stephenson to 24 months imprisonment, the statutory maximum for revocation where the original offense was a Class C felony. See 18 U.S.C. § 3583(e)(3).

Stephenson claims his sentence is substantively unreasonable because an above-Guidelines sentence is inconsistent with proper weighing of the section 3553(a) factors. He argues the sentence is excessive in light of mitigating factors, including the fact that he was employed, had submitted all negative sweat patches, was attending substance abuse and mental health counseling, and had paid his mandatory special assessment in full. He also argues the court should not have imposed a sentence above the recommended Guidelines range because it was based on his first violation of release conditions. We review a district court's revocation sentencing decision for abuse of discretion. United States v. Marrow Bone, 378 F.3d 806, 808 (8th Cir. 2004). The court abuses its discretion and issues a substantively unreasonable

sentence if it, for instance, improperly weighs the section 3553(a) factors. United States v. Miller, 557 F.3d 910, 917 (8th Cir. 2009). The court must consider the recommended Guidelines range, but the range "is merely advisory and does not bind the district court, which has the discretion to impose any sentence allowable under 18 U.S.C. § 3583(e)(3)." Marrow Bone, 378 F.3d at 808-09.

The court heard arguments from both parties on application of the section 3553(a) factors. It considered Stephenson's violation a very serious offense and did not believe it was safe for him to be on supervision. The court noted that Stephenson had only been on supervised release for a brief period before this incident, which may weigh in favor of an above-Guidelines sentence even for a first violation. United States v. Touche, 323 F.3d 1105, 1108 (8th Cir. 2003). "[T]he existence of mitigating factors need not result in the sentence requested by the defendant." Marrow Bone, 378 F.3d at 809. The court considered these factors and Stephenson's history and characteristics and stated it was imposing this sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment and correctional treatment, deter criminal conduct, and protect the public from further crime. See 18 U.S.C. § 3553(a). The court properly weighed the section 3553(a) factors, considered the range suggested by the Guidelines, and explained why it was imposing a longer sentence within the statutory limit of section 3583(e)(3). Miller, 557 F.3d at 918; Marrow Bone, 378 F.3d at 808-10. The sentence was not substantively unreasonable. The judgment is affirmed.

_____