# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2495

_____

United States of America

*Plaintiff - Appellee*

v.

Todd Michael Jackson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: June 14, 2021
Filed: July 9, 2021
[Unpublished]

_____

Before BENTON, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

After violating the conditions of supervised release, Todd Jackson received a two-part sentence: 18 months in prison, followed by an additional 24 months of supervised release.  Though he challenges both parts of the sentence, we affirm.

We conclude that the first part, the 18-month prison sentence, is substantively reasonable, even though it exceeded the advisory range of three to nine months under the Sentencing Guidelines. *See United States v. Marrow Bone*, 378 F.3d 806, 809 (8th Cir. 2004) (reviewing the reasonableness of an above-Guidelines-range revocation sentence for an abuse of discretion); *see also United States v. Hall*, 931 F.3d 694, 698 (8th Cir. 2019) ("[W]e have repeatedly stated that [upward] variances are appropriate based on repeated violations of supervised release . . . ."). The record establishes that the district court[1] sufficiently considered the statutory sentencing factors, 18 U.S.C. §§ 3553(a), 3583(e)(3), and did not commit a clear error of judgment in weighing them. *See United States v. Larison*, 432 F.3d 921, 923–24 (8th Cir. 2006). Even though Jackson believes that a shorter sentence would have done the job, particularly if the goal was rehabilitation, the court did not have to agree. *See United States v. Carrillo*, 982 F.3d 1134, 1137 (8th Cir. 2020) ("[T]he mere fact that the court could have weighed the sentencing factors differently does not amount to an abuse of discretion." (quotation marks omitted)).

Nor did the district court "give significant weight to an improper factor." *United States v. Boykin*, 850 F.3d 985, 988–89 (8th Cir. 2017) (per curiam). The court's reference to "incapacitation" during the sentencing hearing was simply shorthand for "the need . . . to protect the public," 18 U.S.C. § 3553(a)(2)(C), which is not an improper factor, *see id.* § 3583(e)(3) (permitting consideration of this factor). And although the court mentioned retribution, which is an "excluded factor" when setting a revocation sentence, *Hall*, 931 F.3d at 697, it did so only in passing. *See United States v. Porter*, 974 F.3d 905, 908 (8th Cir. 2020) (stating that merely "mentioning" an improper factor, without more, is not reversible error); *United States v. Martin*, 757 F.3d 776, 780 (8th Cir. 2014) (affirming when the district court "focused primarily on [the defendant's] history and characteristics rather than . . . retribution for the offenses").

---

[1]The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

The district court also did not abuse its discretion in imposing another supervised-release term, even though the government did not ask for one. *See United States v. Defoor*, 535 F.3d 763, 764–65 (8th Cir. 2008) (reviewing the decision to impose a "new term of supervised release" for an abuse of discretion). After all, "[i]t is the district court's responsibility, . . . and not the parties' prerogative, to determine the appropriate sentence after taking into account the [statutory sentencing] factors and the circumstances of a particular case." *United States v. McKay*, 775 F.3d 1016, 1021 (8th Cir. 2015); *accord United States v. Lozoya*, 623 F.3d 624, 627 (8th Cir. 2010) ("[T]he Government's opinion of the appropriate sentence . . . d[oes] not prevent the district court from making its own determination . . . .").

We accordingly affirm the judgment of the district court.

_____