[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 01, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15205
Non-Argument Calendar

_____

D.C. Docket No. 02-00579-CR-JEC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TAMARA LYNN GOODALL,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

**(July 1, 2005)**

Before ANDERSON, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Tamara Lynn Goodall, who pled guilty to an information charging her with

bank fraud, in violation of 18 U.S.C. § 1344 (Count I), and mail fraud, in violation

of 18 U.S.C. § 1341 (Count II), appeals her 24-month sentence of incarceration that was imposed following a revocation of her supervised release. On appeal, Goodall argues that, at a minimum, the district court was required "to consider" and "to follow" the recommended sentencing guidelines outlined in U.S.S.G. § 7B1.4, which indicate a sentence of 8 to 14 months for a Grade B violation. Goodall also argues that her particular violations of supervised release did not support what she calls the court's upward departure. Goodall acknowledges that "Chapter 7 sentencing guidelines are [not] binding on the district courts," and that they "can vary from the requisite guidelines so long as the guidelines are genuinely considered." Goodall argues, however, that the district court "failed to genuinely consider the Chapter 7 guidelines." Goodall also argues that, although previously a district court's decision to exceed the sentencing guidelines under § 7B1.4 was reviewed for an abuse of discretion, the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act (the "PROTECT Act"), Pub. L. No. 108-21, 117 Sta. 650 (2003), changed the standard of review to de novo. Finally, Goodall argues that the district court erred by sentencing her to

supervised release when both she and the government had recommended otherwise.[1]

"We review a district court's decision to exceed the chapter seven guidelines' recommended sentencing range for an abuse of discretion." United States v. Aguillard, 217 F.3d 1319, 1320 (11th Cir. 2000).  We have held that the Chapter Seven policy statements, which provide ranges of imprisonment that a court may follow when revoking supervised release based upon certain "grades" of violations, are merely advisory, not binding.  United States v. Hofierka, 83 F.3d 357, 360 (11th Cir. 1996).  We have indicated that a district court's decision to exceed the Chapter Seven sentencing range does not constitute a "departure."  Id. at 362.  Because the policy statements are not binding and the decision not to follow them is not a departure, the PROTECT Act does not cover this sentencing. See, e.g., United States v. Martin, 371 F.3d 446, 449 (8th Cir. 2004).

The grades of offenses are outlined in U.S.S.G. § 7B1.1, and the suggested sentences are contained in U.S.S.G. § 7B1.4.  We have held that "it is enough that

---

[1] Goodall only makes a passing reference to this claim, and, consequently, she has waived it.  See Farrow v. West, 320 F.3d 1235, 1242 n. 10 (11th Cir. 2003) (stating that where appellant made only a passing reference to the district court's dismissal of a particular claim and made no arguments on the merits as to that issue, the issue was deemed waived).

there is some indication the district court was aware of [the guidelines] and considered them." Aguillard, 217 F.3d at 1320.

"A court may revoke a defendant's term of supervised release and impose a prison sentence when it finds by a preponderance of the evidence that the defendant violated a condition of his or her supervised release." Hofierka, 83 F.3d at 363 (citing 18 U.S.C. § 3583(e)(3)). "Upon revocation of a term of supervised release, the court may require a defendant to serve in prison all or part of the term of supervised release authorized by statute without credit for time served on post-release supervision." Id. at 362 (citing 18 U.S.C. § 3583(e)(3)). "The court may not, however, impose a sentence upon revocation of greater than . . . three years where it was a class B felony." Id. An offense is classified as a Class B felony if the maximum term of imprisonment authorized is 25 years or more. 18 U.S.C. § 3559(a)(2).

The record makes clear that the district court was aware of and considered the Chapter Seven ranges. The parties mentioned the ranges several times during their arguments at the sentencing hearing, and it is apparent from the district court's statements about needing to craft a longer sentence to help Goodall that it considered and found ineffective the recommended ranges. Because the guideline ranges set forth in Chapter Seven of the Sentencing Guidelines are advisory and

the record indicates that the district court considered the recommended range, it did not abuse its discretion by sentencing Goodall to a term of imprisonment in excess of the suggested range. Accordingly, we affirm her sentence.

**AFFIRMED.**