# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 07-3404

———————

United States of America,

        Appellee,

v.

Larry Dean Fry,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Northern District of Iowa.
\*
\*    [UNPUBLISHED]
\*

———————

Submitted: April 22, 2008
Filed: April 25, 2008

———————

Before WOLLMAN, RILEY, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

      Larry Dean Fry (Fry) appeals the sentence the district court[1] imposed after revoking his supervised release. On appeal, Fry argues the revocation-hearing evidence was insufficient to support the district court's finding that Fry had committed an assault. After carefully reviewing the record, we affirm.

      We conclude the district court did not clearly err in finding by a preponderance of the evidence that Fry had violated the conditions of his supervised release. See

———————

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

United States v. Carothers, 337 F.3d 1017, 1019 (8th Cir. 2003) (stating the government's burden of proof and the clear-error review standard). Although the district court did not engage in the balancing required by this court's precedent before admitting hearsay evidence of the alleged assault at the revocation hearing, see United States v. Reynolds, 49 F.3d 423, 426 (8th Cir. 1995) (explaining, before admitting hearsay evidence at revocation hearing, the court must balance defendant's constitutional right to confront a witness against the government's explanation for why confrontation is undesirable or impractical), the evidence appears to be admissible under that test, see United States v. Martin, 371 F.3d 446, 448 (8th Cir. 2004) (concluding the hearsay evidence offered by the government is admissible if the evidence is sufficiently reliable and the government has a reasonably satisfactory explanation for not producing the witness). Even if the evidence were not properly admitted, we conclude any error was harmless, given the evidence of other supervised release violations. See Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded.").

We grant counsel's motion to withdraw, and we affirm.

_____