# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2600

_____

United States of America,

*Plaintiff - Appellee*,

v.

Dante M. Williams,

*Defendant - Appellant*.

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: February 9, 2015
Filed: June 25, 2015

_____

Before LOKEN, SMITH, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Dante Williams pleaded guilty to unlawful possession of a firearm as a previously convicted felon. The district court[1] sentenced him to thirty-seven months' imprisonment. Williams appeals the sentence, arguing that it is substantively

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

unreasonable because the district court gave undue weight to the nature and circumstances of his offense, ignored mitigating factors, and accorded impermissible weight to the fact that Williams was prosecuted in federal court. We affirm.

During a traffic stop on January 7, 2012, Williams left the vehicle and ran from police officers. Officers saw Williams drop a black handgun, which was later identified as a loaded Glock 9 millimeter pistol.

Williams pleaded guilty to unlawful possession of a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Williams asked the court to vary downward from the advisory guidelines sentencing range pursuant to 18 U.S.C. § 3553(a) and sentence him to probation. He cited as mitigating factors his stable employment history, his provision of financial support for his family, his involvement with his community and church, the age of his prior felony convictions, and the fact that he lived and worked in a high-crime area.

The district court denied Williams's request for a sentence of probation, observing that Williams fled from police and that the gun he possessed was fully loaded. The court then sentenced him to thirty-seven months' imprisonment, at the bottom of the advisory guideline range, citing the factors listed in § 3553(a). After imposing the sentence, the court said:

> [T]his case is a run-of-the-mill felon-in-possession case. For some reason, the Kansas City, Missouri Police Department has to have their felon-in-possession cases brought into federal court. This ought to have stayed in the State of Missouri, but, apparently, the U.S. Attorney's Office lets the police department decide to bring these cases up here, and if they're going to bring them up here, I'm going to follow the Guidelines.

Now, you can send a message to whoever you want to, and this, it's not you, Mr. Williams, but that's why you're being sentenced, because the U.S. attorney has to have these cases up here. They can't leave them in the state court. That's why you're getting a sentence.

Williams argues that his sentence was substantively unreasonable. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Williams contends that the district court placed undue weight on the circumstances of his offense and ignored mitigating factors. Williams also complains that the court improperly considered that Williams was prosecuted in federal court.

Williams's sentence was within the advisory range recommended by the Sentencing Commission, so we presume that it is substantively reasonable. *United States v. Barron*, 557 F.3d 866, 870 (8th Cir. 2009); *see Rita v. United States*, 551 U.S. 338, 347 (2007). Williams advanced his mitigating factors at the sentencing hearing and in a sentencing memorandum, and we presume that the district court considered them. *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012). The district court has "substantial latitude to determine how much weight to give the various factors under § 3553(a)." *Id.* (internal quotation omitted). It was not an abuse of discretion for the district court to conclude that the nature and circumstances of the offense called for a term of thirty-seven months.

The district court's commentary about the prosecutorial discretion of the United States Attorney in gun cases does not establish an unreasonable sentence. Under our system of separated powers, the United States Attorney—not the district court—has authority to decide whether federal prosecution of recidivists who possess firearms is sufficiently important to the safety of the community to warrant the dedication of federal resources. The district court correctly observed that once the United States Attorney elects to prosecute a case in federal court, the court is required

at sentencing to consider the federal sentencing guidelines, 18 U.S.C. § 3553(a)(4), along with the other statutory considerations mentioned by the court. Despite the district court's statement that it would "follow" the guidelines, the court elsewhere made clear that it properly treated the guidelines as "advisory," S. Tr. 11, and there was no abuse of discretion in sentencing Williams at the bottom of the advisory range.

The judgment of the district court is affirmed.

_____