# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3650

_____

United States of America,

*Plaintiff - Appellee,*

v.

David Anthony Tumea,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 24, 2015
Filed: January 14, 2016

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

A jury convicted David Tumea of unlawful possession of ammunition as a previously convicted felon and possession of an unregistered firearm. The district court[1] sentenced Tumea to 96 months' imprisonment and three years' supervised

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

release. On appeal, Tumea challenges his term of imprisonment and two special conditions of supervised release. We affirm the term of imprisonment and uphold the conditions of release as modified by this opinion.

In November 2012, as part of a drug trafficking investigation, Des Moines police executed a search warrant at Tumea's residence. Officers seized a book about making homemade firearms, a double-threaded pipe, two twelve-gauge shotgun shells, and a piece of paper containing a photograph of a homemade firearm and sketches.

Investigators then determined that Tumea had sustained a felony conviction for possession of an unregistered firearm in 2002. During the investigation of that offense, Tumea was found in possession of books about evasion and making weapons, a handgun with ammunition, a blowgun with darts, two spiked instruments that could attach to one's wrist, nunchucks, a nearly seven-inch knife, a seven-foot length of fuse, and homemade weapons including C-4, napalm, and a shotgun.

In December 2012, investigators executed a second search warrant at Tumea's residence. In the living room, agents recovered a rubber mallet, a modified nail, three unmodified nails, and a smooth-bore pipe with a pipe plug. When the smooth-bore pipe and pipe plug were assembled, a twelve-gauge shotgun shell placed in the pipe, and a modified nail placed in the plug, a person could fire the shell from the pipe by striking the nail with the rubber mallet. After an expert assembled and tested the device, investigators concluded that the device constituted a "firearm" under the National Firearms Act, 26 U.S.C. § 5845(a).

A grand jury charged Tumea with unlawful possession of ammunition as a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and with possession of an unregistered firearm, in violation of 26 U.S.C. §§ 5822, 5845(a) and (f), 5861(c) and (d), and 5871. While Tumea was awaiting trial, officers

discovered a baseball bat and knife near the door of Tumea's residence. Tumea stated that those items, and a machete also located in his home, were there to protect against law enforcement officers illegally entering the residence. On another occasion, Tumea hid a knife designed to look like a carabiner in the bushes outside of the federal courthouse before he entered for a pretrial hearing. When the case proceeded to trial, a jury convicted Tumea on both counts. After the jury's verdict was read in open court, Tumea tried to swallow a pill containing tetrahydrocannabinol (a chemical found in marijuana), causing a disruption in the court room.

At sentencing, the district court determined under the advisory sentencing guidelines that Tumea had a total offense level of 24 and a criminal history category of IV, resulting in a guideline range of 77 to 96 months' imprisonment. Tumea sought a downward variance, asserting that his current convictions and criminal history were nonviolent and that he had suffered from anxiety, depression, and schizophrenia throughout his life. After acknowledging Tumea's arguments and considering the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Tumea within the advisory guideline range to concurrent terms of 96 months' imprisonment for each count of conviction, followed by a three-year term of supervised release.

The district court also imposed special conditions of supervised release. One condition prohibited Tumea from possessing "any object that could be used as a weapon if such an object is designed to conceal its true nature—such as the carabiner knife seized in this case." Another prohibited Tumea from possessing

> other dangerous items that are designed to be, or easily convert to, a dangerous weapon, including but not limited to: nun-chucks, baseball bats, large knives, butterfly knives, any and all firearms and explosives, cross bows, bows and arrows, machetes, axes, brass knuckles, throwing stars, any homemade chemical compounds, any and all pepper spray, mace, tasers, daggers, chain saws, grappling hooks, any animal that is

trained to attack, swords, spears, bayonets, scythe [sic], whips, and anything similar to this type of weaponry.

Tumea contends that the 96-month term of imprisonment is unreasonable because the district court gave insufficient weight to the nonviolent character of the instant offense and to his mental health history. We review the reasonableness of the sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). When, as here, the sentence imposed is within the advisory guideline range, it is presumptively reasonable. *United States v. Williams*, 791 F.3d 809, 811 (8th Cir. 2015); *see Rita v. United States*, 551 U.S. 338, 347 (2007). The district court has substantial latitude in determining how much weight to give the various sentencing factors under § 3553(a). *Williams*, 791 F.3d at 811.

The district court acknowledged Tumea's mental health concerns and considered the nature and circumstances of the offenses of conviction. But the court also weighed the seriousness of Tumea's offense conduct in 2002, Tumea's fixation with dangerous weapons, the safety concerns that Tumea presented during trial, and Tumea's unwillingness to get mental health treatment. Taking the § 3553(a) factors as a whole, the court determined that a sentence at the top of the guideline range was warranted. The court's decision to weigh the factors in this manner was not an abuse of discretion.

Tumea also complains that the two special conditions of supervised release are vague and overbroad. We review the terms and conditions of supervised release for abuse of discretion. *United States v. Bender*, 566 F.3d 748, 751 (8th Cir. 2009). A district court has broad discretion to impose special conditions of supervised release, so long as "the conditions are reasonably related to the sentencing factors set forth in § 3553(a), involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a), and are consistent with any pertinent policy

statements issued by the Sentencing Commission." *United States v. Morais*, 670 F.3d 889, 895 (8th Cir. 2012); *see also* 18 U.S.C. § 3583(d)(1)-(3).

The first challenged condition of supervised release forbids Tumea from possessing "any object that could be used as a weapon if such an object is designed to conceal its true nature—such as the carabiner knife seized in this case." In our view, this special condition merely amplifies another condition of release, which Tumea did not challenge, that prohibits the possession of "any . . . dangerous weapon." The carabiner knife seized in this case was a dangerous weapon, and any similar object should likewise be encompassed by the term "dangerous weapon." The government acknowledged at oral argument that the special condition goes no further than the unchallenged condition. So construed, the special condition is not overbroad or otherwise flawed.

The second challenged condition forbids the possession of "other dangerous items that are designed to be, or easily convert to, a dangerous weapon." The district court understandably was concerned for the safety of probation officers and others visiting Tumea's home, in light of his past possession of dangerous weapons and his prior declarations that he possessed a baseball bat, knife, and machete to protect against law enforcement officers "illegally" entering his residence. Tumea does not object to a prohibition on possession of most of the specific items listed in the condition of release, but he complains that the general language of the condition could encompass "everyday items" that he should be permitted to possess for legitimate use. The term "convert" in this condition evidently does not require physical alteration of an item, but only a change in how Tumea intends to use it. The court did not forbid possession of a baseball bat because Tumea might carve the wood into a spear, but because Tumea could use the bat as a bludgeon rather than for sport. Tumea thus suggests that the prohibition also would cover possession of a large butter knife, golf clubs, or a walking cane. Other household or recreational items,

such as scissors, letter openers, box cutters, and tennis racquets, come to mind as falling within the scope of the prohibition read literally.

Under the circumstances here, to avoid a "greater deprivation of liberty than is reasonably necessary," 18 U.S.C. § 3583(d)(2), we believe the special condition should be modified to allow for the possession of otherwise-prohibited items with prior approval of the probation office. Such a modification would permit Tumea to possess "everyday items" that could be "converted" easily to dangerous weapons, if he notifies the probation office in advance and secures approval. To secure approval, Tumea must show the probation office (or the district court as warranted) that there is a legitimate purpose for possession of the item and that his possession of the item would not present an unreasonable risk to the safety of probation officers or others. An item-by-item prior approval requirement involves some inefficiencies, but Tumea's record of possessing dangerous weapons and the need to protect public safety in light of Tumea's history justifies use of that mechanism here. We therefore modify the challenged condition of release by adding the clause—"Except with prior approval of the probation office,"—at the beginning of the condition.

For these reasons, the judgment of the district court, as modified by this opinion, is affirmed.

BRIGHT, Circuit Judge, concurring.

I am pleased to concur in the excellent opinion for the Panel by Judge Colloton.

I write separately to note that the record discloses that David Tumea has suffered from mental illness for many years and has been resistant to treatment. Nevertheless, I encourage the Board of Prisons to arrange for treatment of Mr. Tumea's mental illness while incarcerated and for continuance, if necessary, after Mr. Tumea's release.

_____