# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-2176

_____

United States of America,

*Plaintiff - Appellee,*

v.

Fredrick Demon Mosby,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: April 13, 2018
Filed: August 9, 2018
[Unpublished]

_____

Before COLLOTON, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

After Fredrick Demon Mosby pleaded guilty to conspiracy to distribute controlled substances, the district court[1] sentenced him to 108 months' imprisonment,

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

followed by a five-year term of supervised release. Mosby appeals the sentence, arguing that it is substantively unreasonable because the district court erroneously compared the lengths of federal and state sentences, ignored improvement in Mosby's behavior, and did not consider all of Mosby's relevant history and characteristics. We see no abuse of discretion, and therefore affirm.

During a search of Mosby's home, Minneapolis police discovered 20 grams of cocaine base, 28 grams of cocaine, and 1.6 grams of heroin. Mosby pleaded guilty to conspiring to distribute cocaine base and heroin, and stipulated that he was accountable for between 112 and 196 grams of cocaine base during the conspiracy.

At sentencing, the district court determined Mosby's advisory guideline range was 92 to 115 months' imprisonment. The government recommended a sentence at the bottom of the range, while Mosby asked the court to vary below the range based on Mosby's difficult upbringing and bad events in his life. The district court sentenced Mosby to 108 months' imprisonment. Mosby argues that sentence was substantively unreasonable.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, *Gall v. United States*, 552 U.S. 38, 51 (2007), and we presume that a sentence within the advisory guideline range is reasonable. *United States v. Williams*, 791 F.3d 809, 811 (8th Cir. 2015); *see Rita v. United States*, 551 U.S. 338, 347 (2007). The government argues we should review only for plain error, but we need not address that point, because Mosby's argument fails under the ordinary abuse-of-discretion standard.

Mosby complains that the district court improperly compared the length of Mosby's previous 80-month state sentence with the government's 92-month recommendation in this case. The district court brought up Mosby's state sentence, however, to observe that it seemed to have no impact on Mosby, because he

completed the state sentence and then promptly entered a new drug trafficking conspiracy within a month of his release. This information was relevant to determining what federal sentence was appropriate to deter Mosby and to protect the public. *See* 18 U.S.C. § 3553(a)(2)(B), (C). Mosby's complaint has no merit.

Mosby also argues the district court ignored the "de-escalation" of his criminal conduct, allegedly evidenced by the fact that his current crime was a "nonviolent" drug offense while his previous convictions were for assault and firearm offenses. The district court was not required to accept the notion that drug trafficking was less serious than the prior offenses, and even if it were, Mosby's recidivism was an aggravating factor that the court reasonably could view as outweighing any supposed "de-escalation."

Finally, Mosby claims that the district court failed to consider mitigating factors. Mosby raised these points in a sentencing memorandum and orally at the hearing. The district court is not required to respond expressly to every specific ground cited by a defendant, and we presume that the district court considered the factors that Mosby presented to it. *United States v. Timberlake*, 679 F.3d 1008, 1012 (8th Cir. 2012). The court has substantial latitude in determining how much weight to accord the § 3553(a) sentencing factors, *United States v. Reid*, 827 F.3d 797, 803-04 (8th Cir. 2016), and the proffered mitigation was not so compelling that the court was obliged to sentence below the presumptively reasonable advisory guideline range.

The judgment of the district court is affirmed.

_____

-3-