# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-1389
_____

United States of America

*Plaintiff - Appellee*

v.

La'Ron Clower

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 19, 2022
Filed: December 1, 2022
_____

Before LOKEN, ARNOLD, and BENTON, Circuit Judges.
_____

LOKEN, Circuit Judge.

La'Ron Clower served a 48-month sentence for use of interstate facilities to promote prostitution and began a three-year term of supervised release in October 2020. The district court[1] first revoked supervised release on August 31, 2021, when

_____

[1]The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

Clower admitted drug use and failure to participate in required drug counseling; Clower began a 24-month term of supervised release that day. On December 14, his probation officer petitioned the court to issue a warrant, alleging numerous violations of supervised release. Clower contested the alleged violations. At the conclusion of a revocation hearing, the court found that Clower committed the violations, revoked supervised release, and sentenced Clower to 10 months' imprisonment followed by 24 months of supervised release. Clower appeals the revocation sentence, arguing the court violated his due process right to confront witnesses at the revocation hearing and imposed additional special conditions of supervised release that are substantively unreasonable. We affirm.

At the revocation hearing, the Assistant U.S. Attorney began by proffering the alleged violations. She recited each alleged violation, referencing the Standard, Mandatory, or Special Condition number violated, and then read the Nature of Noncompliance section from the Petition for Warrant filed by Probation Officer Alyssa J. Burrows, who was present in court and prepared to testify. To briefly summarize, the Petition alleged: (1) Clower left the judicial district where he was authorized to reside and twice attempted to assault D.K., a minor victim of his initial sexual offense, in Illinois; D.K., now twenty years old and the mother of two children, told a prosecutor with the St. Louis Circuit Attorney's Office and then Probation Officer Burrows by phone, that Clower endangers the safety of D.K. and her children; (2) Clower tested positive for cocaine use on September 22; (3) he failed to report for substance abuse testing on September 24 and October 9; (4) he failed to register as a sex offender with the St. Louis City Police Department when he commenced supervised release and, despite recently driving, failed to register his vehicle as of December 13; (5) he failed to verify his alleged full-time job with his stepfather's company; and (6) he failed to contact and meet with his probation officer as required, truthfully answer the probation officer's questions, and consistently live at his approved residence.

At the end of the government's proffer, defense counsel objected to "the proffer being taken as . . . . substantive evidence for revocation." The court overruled the objection and said, "you can proceed with your case if you'd like." As defense counsel prepared to call his first witness, government counsel asked, "Your Honor, with your permission, may I have the probation officer [Ms. Burrows] sit with me at counsel table?" The court replied, "Sure." Defense counsel then called two witnesses, Clower and his stepfather, and proffered that Clower's fiancée, who had left the courthouse, would testify that he had in fact lived with her. After the court announced the revocation sentence, Clower objected to three new conditions of supervised release -- participate in a sex offender treatment program while on supervised release; participate in a location (GPS) monitoring program for 120 days; and submit to polygraph testing at the probation officer's discretion.

## I.

On appeal, Clower argues the district court erred by improperly relying on the AUSA's summary of alleged violations and not requiring the government to present testimony by Probation Officer Burrows and D.K., the victim of Clower's most serious alleged violation. Clower argues this was a violation of his due process right to confront adverse witnesses, an issue we review *de novo* in the supervised release revocation context. See United States v. Timmons, 950 F.3d 1047, 1050 (8th Cir. 2020). The due process contention requires a close look. The government gave Clower a clear opportunity, indeed an invitation, to confront Probation Officer Burrows, the author of the Petition for Warrant, when it announced she was prepared to testify and then sought and obtained permission to seat her at counsel table while Clower presented his defense. Substantively, the AUSA's reading of the Petition was Burrows's testimony on direct exam, and she was available to be called for cross exam during the defense case. In these circumstances, at a revocation hearing, admitting Burrows's report of violations when she was available for cross exam did

-3-

not violate Clower's due process confrontation rights. See United States v. Farmer, 567 F.3d 343, 347 (8th Cir. 2009).

Regarding D.K., when timely objection is made to victim hearsay that "may greatly affect the revocation sentence imposed if one or more violations are found . . . the district court must assess the explanation the government offers of why confrontation is undesirable or impractical and the reliability of the evidence which the government offers in place of live testimony before deciding whether the probationer is entitled to confrontation." United States v. Simms, 757 F.3d 728, 732 (8th Cir. 2014) (cleaned up); see United States v. Bell, 785 F.2d 640, 642-45 (8th Cir. 1986). Here, as in Simms, "the government offered no explanation why [D.K.] was not present to give live testimony, and the district court failed to conduct the analysis required by Bell." 757 F.3d at 732. However, at least one of the government's reasons for not calling D.K. was apparent from the facts recited in the warrant petition -- "there is good cause for not producing a declarant 'when a defendant has a history of violent conduct that makes reprisal . . . a possibility.'" Id. at 733, quoting United States v. Carthen, 681 F.3d 94, 101 (2d Cir. 2012).

Clower objected to the AUSA's proffer "being taken as substantive evidence for revocation." But he did not make a timely Bell objection that called for the government to explain why D.K. was not present to testify. His hearsay objection to the warrant petition did not preserve this issue. "An objection that a non-author may not read a police report into evidence did not preserve the question whether [Clower] had a due process right to confront his victim, [D.K.]." Id. Had that objection been timely made, the government would no doubt have called Burrows to testify as to the matters recited in the warrant petition and offered an explanation why D.K. was not present. The court would then have had an adequate record to make a Bell ruling. But the objection was not made. "[T]he government was not obligated to explain the absence of [D.K.] until the issue was raised, and the district court was not obligated to apply the Bell balancing test, *sua sponte*, in the absence of a hearsay or

confrontation objection requiring that analysis." Id.; see United States v. Martin, 371 F.3d 446, 448 (8th Cir. 2004).

The facts recited in the warrant petition with the author present to testify, and Clower's testimony corroborating some of the alleged Grade C violations, including admissions he had not complied with sex offender registration requirements and had tested positive for cocaine use, were ample evidence supporting the district court's decision to revoke supervised release. See USSG § 7B1.3(a)(2).

## II.

Clower argues that three new special conditions of supervised release imposed by the district court are substantively unreasonable. We review this issue under a deferential abuse of discretion standard. See United States v. Sanchez, 44 F.4th 1100, 1103 (8th Cir. 2022). The district court has broad discretion to impose a special condition that "(1) is reasonably related to the sentencing factors set forth in 18 U.S.C. § 3553(a)(1) and (a)(2)(B)-(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a)(2)(B)-(D); and (3) is consistent with any pertinent policy statements." United States v. Floss, 42 F.4th 854, 864 (8th Cir. 2022), citing § 3583(d). Special conditions "need not be reasonably related to the instant conviction if they reasonably relate to other sentencing factors identified in § 3583(d)." Id. We take into account that the same judge presided over Clower's plea, initial sentence, and both revocation sentencings and was therefore aware of Clower's history and characteristics. See United States v. Lincoln, 876 F.3d 1137, 1139 (8th Cir. 2017).

Clower argues the district court did not explain why it added these conditions to the lengthy list of conditions to which he was already subject. As they are not reasonably related to the § 3553(a) factors, he argues, they "were added solely to

punish" him, and we should remand with instructions to reinstate his prior terms of supervised release.

"Where the basis for the special conditions can be discerned from the record, reversal is not required." Sanchez, 44 F.4th at 1103. Here, the record provides sufficient evidence to show that the new conditions are directly related to Clower's initial sex offense and supervised release transgressions. The multiple supervised release violations are relevant to the new conditions. Clower harassed and assaulted his prior sex offense victim; that misconduct relates to the need for sex offender treatment. He failed to register the vehicle he was driving, left the district without giving notice, and repeatedly was not found at his approved residence; those violations support the need for GPS monitoring. And he failed to truthfully answer his probation officer's questions, which supports the need for polygraph testing. Although Clower's hearing testimony made clear his belief that his probation officer was treating him unfairly, the record does not support the contention that the new conditions were imposed "solely to punish." The district court did not abuse its substantial discretion when it imposed additional conditions addressing what the court described as Clower's "high-risk behavior" and "continued disregard for the conditions imposed."

The judgment of the district court dated February 17, 2022 is affirmed.

_____