# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1308

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Matthew Carrington, also known as Charles Matthew Carrington, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Eastern

_____

Submitted: October 25, 2024
Filed: January 3, 2025

_____

Before GRUENDER, BENTON, and KOBES, Circuit Judges.

_____

BENTON, Circuit Judge.

Charles M. Carrington pled guilty to failure to register as a sex offender in violation of 18 U.S.C. § 2250(a). After repeated violations of supervised release terms, the district court[1] sentenced him to 13 months in prison and 10 years of supervised release. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

_____

[1] The Honorable Peter D. Welte, Chief Judge, United States District Court for the District of North Dakota.

In 2006, Carrington was convicted of sexual abuse of a minor. He received 65 months in prison and 3 years of supervised release. Between 2011 and 2014, the district court revoked supervised release three times for violations including consuming alcohol, ingesting marijuana, and failing to complete mental-health treatment and sex-offender counseling.

In 2019, he pled guilty to failure to register as a sex offender. The district court sentenced him to 30 months in prison and 5 years of supervised release. He again violated the release terms by viewing pornography, using illegal substances and alcohol, and failing to complete sex-offender treatment.

In 2024, at the revocation hearing, Carrington admitted to all seven allegations. The district court revoked his supervised release, sentencing him to 13 months in prison and 10 years of supervised release.

Carrington argues that the court committed procedural error and imposed a substantively unreasonable term of supervised release.

Supervised release revocations are reviewed for abuse of discretion. *United States v. Richey*, 758 F.3d 999, 1001 (8th Cir. 2014). "This standard requires us first to ensure that the district court committed no significant procedural error and second, if there is no procedural error, to ensure the sentence was substantively reasonable." *United States v. DeMarrias*, 895 F.3d 570, 573 (8th Cir. 2018).

Carrington argues that the significant procedural error is basing his sentence on a misunderstanding of the laws about sex-offender registration. Procedural errors include, but are not limited to, miscalculating the guideline ranges, failing to consider the 18 U.S.C. § 3553(a) factors, or basing a sentence on a clearly erroneous fact. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc).

The district court did not base its 10-year term of supervised release on a misunderstanding of the sex-offender registry requirements. Indeed, the court considered: 1) the 3553(a) factors; 2) the guideline range; 3) Carrington's history of

addiction and failed treatments; 4) his failure to complete sex-offender treatment three times; 5) public safety; and 6) Carrington's history and characteristics.

True, the court discussed that if Carrington moved to Minnesota, it's "not completely out of the realm of possibility" that he could avoid sex-offender registration. Carrington is correct that federal law "imposes an independent federal obligation for sex offenders to register that does not depend on, or incorporate, a state-law registration requirement." *United States v. Billiot*, 785 F.3d 1266, 1269 (8th Cir. 2015). *See* **42 U.S.C. § 16913** ("A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides.").

The record defeats Carrington's attempt to reduce the district court's analysis to a single point. The role of a sentencing court includes subjecting a "defendant's sentence to the thorough adversarial testing contemplated by federal sentencing procedure." *Rita v. United States*, 551 U.S. 338, 351 (2007). On appeal, due to the deferential abuse of discretion standard, we "consider the entire sentencing record, not only the district court's statements at the hearing, in determining whether the court's consideration of § 3553(a) was adequate." *United States v. Barron*, 557 F.3d 866, 868 (8th Cir. 2009).

The district court stated that, in fashioning Carrington's sentence, he "reviewed the entire file," "considered the statements of counsel," and consulted "the Sentencing Guidelines under Chapter 7 and the sentencing factors under 18 U.S. Code 3553(a)." The district court had a reasoned basis for its sentence. *See Rita*, 551 U.S. at 356 ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority."). The district court did not abuse its discretion.

The district court's sentence was not substantively unreasonable. "If the defendant's sentence is within the Guidelines range, then we may, but are not required to, apply a presumption of reasonableness." *Feemster*, 572 F.3d at 461. The 10 years of supervised release fell within the range of 5 years to life.

"A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Id*. The district court here considered and appropriately weighed the relevant factors. Carrington's case is not the "unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable." *Id.* at 464.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____