# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1570
_____

United States of America

*Plaintiff - Appellee*

v.

Mario Gibson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids
_____

Submitted: October 22, 2024
Filed: February 28, 2025
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

After finding that Mario Gibson violated the conditions of supervised release, the district court[1] sent him back to prison. Although he argues the court should not

_____

[1]The Honorable C.J. Williams, then District Judge, now Chief Judge, United States District Court for the Northern District of Iowa.

have relied on videotaped witness statements or found that he committed theft and forgery when he sold a car he did not own, we affirm.

While on patrol, a police officer pulled over a car with a missing headlight. After running the vehicle identification number through a computer database, he discovered that the owner had reported it stolen. To show that she was not the thief, the driver produced a bill of sale. She then called her boyfriend, who provided a phone number for the seller and said his name was "Mario." The driver even identified the seller from a driver's license photograph and showed the officer where she had bought the car. The phone number, the address, and the photograph all had one thing in common: they belonged to Mario Gibson.

When it came time for Gibson's revocation hearing, police could not locate the driver or her boyfriend. In lieu of live testimony, the district court admitted the officer's body-camera footage, which had recorded their statements. We review this evidentiary decision de novo, given that Gibson thinks it violated his due-process right to confront the witnesses against him. *See United States v. Sutton*, 916 F.3d 1134, 1138 (8th Cir. 2019).

In making its decision, the district court properly evaluated both "why confrontation [was] . . . impractical" and "the reliability of the evidence." *United States v. Bell*, 785 F.2d 640, 643 (8th Cir. 1986). In its view, the government did the best it could to find the witnesses, *see United States v. Harris*, 112 F.4th 624, 627 (8th Cir. 2024), and the body-camera footage containing spontaneous statements by both witnesses was sufficiently reliable to substitute for live testimony, *see United States v. Martin*, 371 F.3d 446, 449 (8th Cir. 2004).

Between the recordings and the officer's testimony, there was enough to conclude by a preponderance of the evidence that Gibson had committed theft and forgery. *See United States v. Long*, 843 F.3d 338, 340 (8th Cir. 2016) (applying clear-error review). Nothing in this record "le[aves] [us] with the definite and firm

conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985).

We accordingly affirm the judgment of the district court.

_____