# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 24-3167

———————————————

United States of America

*Plaintiff - Appellee*

v.

Devin Allen Wolfe

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the District of South Dakota - Western

——————————

Submitted: June 13, 2025
Filed: August 26, 2025
[Unpublished]

——————————

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.

——————————

PER CURIAM.

Devin Allen Wolfe was convicted of receipt of child pornography, 18 U.S.C. § 2252A(a)(2) and (b)(1), and sentenced to 60 months in prison and 35 years of supervised release. Around two years into supervision he was revoked when he violated the Computer/Internet Use and Monitoring Program (Computer Use Program) and had prohibited pictures of minors. A month after starting his second

term of supervision, his probation officer filed another petition to revoke for possession of a dangerous weapon and failure (again) to follow the Computer Use Program. The same district judge[1] presided over both revocation hearings.

Probation officer Andrew Cowan testified at the second revocation hearing that he found a smart TV at Wolfe's house. When Cowan told Wolfe he could not have the TV, Wolfe became agitated, picked up a switchblade-type knife, extended the blade, and began waving it at Cowan saying, "So I can't have this either?" Wolfe's father took the knife away from him along with two others on Wolfe's desk.

Cowan also testified that he found thousands of images on Wolfe's devices, including adult pornography and animated sexually explicit imagery, including depictions of children and adults engaging in sexual actions. He found a file folder Wolfe had named "Daddy/Daughter Porn," as well as evidence that Wolfe tried to change the software settings required by the Computer Use Program and download applications without detection. Cowan also testified that Wolfe had downloaded Discord and used the platform to access chat rooms. Based on all of this, the district court found that Wolfe violated the conditions of his supervision, revoked his release, and sentenced him to nine months in prison with ten years of supervised release to follow. Wolfe appeals.

According to Wolfe, the knife was not a dangerous weapon, which Standard Condition 10 defines as "anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers." See United States v. Petersen, 848 F.3d 1153, 1156 (8th Cir. 2017) (finding of violation of conditions reviewed for clear error). We disagree. The knife was a switchblade with a retractable and instantly extendable blade, designed for the specific purpose of causing injury. See, e.g., United States v. Tumea, 810 F.3d 563, 567 (8th Cir. 2016) ("The carabiner knife seized in this case

---

[1]The Honorable Karen E. Schreier, United States District Judge for the District of South Dakota.

was a dangerous weapon, and any similar object should likewise be encompassed by the term 'dangerous weapon.'"). That the knife may have other uses does not change our view. See United States v. Moore, 846 F.2d 1163, 1167 (8th Cir. 1988) (defendant's mouth and teeth were a dangerous weapon when the defendant had HIV and bit correctional officers). And we reject any suggestion that the district court misinterpreted the definition of "dangerous weapon." See generally United States v. Hull, 893 F.3d 1221, 1224 (10th Cir. 2018) (applying a "common sense" reading to conditions of supervised release).

Wolfe also argues that the district court could not revoke his supervision because the Computer Use Program's terms were never submitted as evidence. But Cowan specifically explained how Wolfe violated the program's terms, and the same district judge imposed the Computer Use Program at Wolfe's previous revocation only months before. Plus Wolfe and his father testified that he possessed the smart TV, the knives, and the devices containing impermissible images. The witness testimony at the revocation hearing was enough to support the decision to revoke supervised release. See United States v. Clower, 54 F.4th 1024, 1028 (8th Cir. 2022) (noting that the warrant petition and the defendant's corroborating testimony supported the district court's revocation).

Finally, Wolfe argues that the revocation sentence was substantively unreasonable. Wolfe's appeal of his prison term is moot because he has already been released. United States v. Aden, 830 F.3d 812, 816 (8th Cir. 2016). We review the reasonableness of his 10-year term of supervised release for abuse of discretion, and find none. United States v. Carrington, 124 F.4th 1110, 1112 (8th Cir. 2025) (standard of review). Wolfe argues that the district court gave too much weight to its previous leniency and how quickly he committed these violations after his prior revocation hearing and too little weight to his mental health challenges, his efforts to change, and the needs of his elderly parents. But that "[t]he district court . . . g[a]ve some factors less weight than [Wolfe] prefers or more weight to other factors . . . alone does not justify reversal." United States v. Townsend, 617 F.3d 991, 994 (8th Cir. 2010) (per curiam).

Affirmed.

_____